IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL FULLER,

      Plaintiff,

v.                                    No.: 14-CV-883

FINLEY RESOURCES, INC.,

      Defendant.

## COMPLAINT FOR DAMAGES FOR PERSONAL INJURY

**COMES NOW**, Michael Fuller, by and through his attorneys of record, Glasheen, Valles & Inderman, LLP, (Chad Inderman, Esq. and Martha Chicoski, Esq.), and hereby states the following for his causes of action:

## PARTIES

1.    Michael Fuller (*hereinafter* referred to as "Plaintiff") is a resident of Eunice, located in Lea County, New Mexico.

2.    Upon information and belief, at all times material hereto, Finley Resources, Inc. (*hereinafter* referred to as "Defendant Finley") is a foreign, for-profit corporation, with a principal place of business in Fort Worth, Tarrant County, Texas.

## JURISDICTION AND VENUE

3.    Pursuant to Title 28 § 1332 (a), this Court has diversity jurisdiction over this cause of action because the matter in controversy exceeds $75,000.00, exclusive of interest and costs, and is between citizens of different states.

1

## FACTS

4. The allegations set forth in the above paragraphs are fully incorporated herein.

5. On or about April 1, 2014, Plaintiff was driving a semi-truck with a trailer, heading westbound on Delaware Basin, near the intersection of Delaware Basin and Weaver Road in Lea County, New Mexico, in accordance with applicable state laws and local ordinances.

6. On about April 1, 2014, Martin Galindo, during the course and scope of his employment with Finley Resources, Inc., was traveling eastbound on Delaware Basin Road when he attempted to make a left turn in front of Plaintiff's semi-truck and trailer, which was travelling in the oncoming lane.

7. Due to Martin Galindo's failure to yield right of way to oncoming traffic, and despite Plaintiff's efforts to avoid a collision, Plaintiff's semi-truck struck the vehicle of Martin Galindo.

8. As a result of Martin Galindo's failure to yield right of way to oncoming traffic, Plaintiff's semi-truck and trailer was forced off the north side roadway and entered the north side embankment. At that time, Plaintiff's vehicle and trailer jack-knifed to the right and struck a barbed wire fence.

9. Upon striking the barbed wire fence, Plaintiff's vehicle caught on fire and began to burn, while Plaintiff was still inside the vehicle.

10. Martin Galindo had a duty to exercise reasonable care for the safety of others, and he breached that duty in numerous ways, including, but not limited to,

   a. Operating his vehicle in a careless and reckless manner;

   b. Failing to operate his vehicle in a safe manner;

    c.    Failure to yield right of way;

    d.    Failure to keep a proper lookout;

    e.    Driver inattention;

    f.    Failure to avoid vehicle contact; and

    g.    Making an improper turn.

11. As a direct and proximate result of Martin Galindo's negligence, Plaintiff has suffered injuries and damages, including, but not limited to, past, present and future medical expenses, pain and suffering, mental anguish, emotional distress; lost wages, impairment of past, current, and future earning capacity; and loss of enjoyment of life.

## COUNT I: NEGLIGENCE

12. The allegations set forth in the above paragraphs are fully incorporated herein.

13. The acts or omissions of Martin Galindo within the scope of his employment with Defendant Finley are the acts or omissions of Defendant Finley.

14. Martin Galindo, an employee of Defendant Finley, had a duty to drive in a reasonable and safe manner and to obey the applicable traffic laws, in order prevent foreseeable harm, including harm to Plaintiff.

15. By failing to yield to oncoming traffic and making a left hand turn in front of Plaintiff's vehicle, Martin Galindo breached those duties.

16. Martin Galindo knew or should have known that such conduct posed a risk of harm to others, including Plaintiff.

17. Martin Galindo drove in a reckless, carless, wanton, grossly negligent, and negligent manner.

18. As a direct and proximate result of Martin Galindo's wrongful conduct and negligence, a collision occurred, causing Plaintiff to suffer injuries and damages, including, but not limited to, past, present and future medical expenses, pain and suffering, mental anguish, emotional distress; lost wages, past, current, and future earning capacity; and loss of enjoyment of life.

## COUNT II:
## NEGLIGENCE *PER SE*

19. The allegations set forth in the above paragraphs are fully incorporated herein.

20. The acts or omissions of Martin Galindo within the scope of his employment with Defendant Finley are the acts or omissions of Defendant Finley

21. At all material times hereto, the State of New Mexico had in force certain regulations and statutes that, upon information and belief, Martin Galindo violated without just cause or excuse. These include, but are not limited to, failure to yield right of way.

22. Plaintiff is a member of the class which these regulations and statutes seek to protect.

23. Plaintiff sought injuries and damages which these regulations and statutes seek to prevent.

24. As a direct and proximate result of Martin Galindo's wrongful conduct and negligence *per se*, a collision occurred, and Plaintiff suffered injuries and damages, including, but not limited to, past, present and future medical expenses, pain and suffering, mental anguish, emotional distress; lost wages, past, current, and future earning capacity; and loss of enjoyment of life.

## COUNT III:
### *RESPONDEAT SUPERIOR*

25. The allegations set forth in the above paragraphs are fully incorporated herein.

26. Upon information and belief, at all times material hereto, Martin Galindo was acting within the course and scope of his employment as an employee of Defendant Finley.

27. Martin Galindo's negligence, while acting within the course and scope of his employment with Defendant Finley, was the proximate cause of Plaintiff's injuries and damages.

28. Defendant Finley is vicariously liable for Plaintiff's damages proximately caused by Martin Galindo. These damages include, but are not limited to, past, present and future medical expenses, pain and suffering, mental anguish, emotional distress; lost wages, past, current, and future earning capacity; and loss of enjoyment of life.

## COUNT IV:
### NEGLIGENT HIRING, SUPERVISION AND RETENTION

29. The allegations set forth in the above paragraphs are fully incorporated herein.

30. Upon information and belief, at all times material hereto, Martin Galindo was an employee of Defendant Finley.

31. Upon information and belief, Defendant Finley knew or should have known that hiring, retaining and supervising Martin Galindo would create an unreasonable risk of injury to a class that includes Plaintiff.

32. Upon information and belief, Defendant Finley failed to use ordinary care in hiring, supervising, and retaining Martin Galindo, including, but not limited to:

    a. Failing to develop, employ, monitor, and follow appropriate policies and procedures with regard to training and operation of company vehicles; and

   b.  Failing to take reasonable precautions necessary to prevent injury and damages to health and safety of Plaintiff.

33. Defendant Finley's negligence in hiring, supervising and retaining Martin Galindo was a cause of Plaintiff's injuries and damages, including, but not limited to, past, present and future medical expenses, pain and suffering, mental anguish, emotional distress; lost wages, past, current, and future earning capacity; and loss of enjoyment of life.

**WHEREFORE**, Plaintiff Michael Fuller respectfully asks this Court for the following relief:

   a.  Grants judgment in his favor;

   b.  Awards compensatory and punitive damages in an amount to be proven at the time of trial;

   c.  Awards costs incurred in the prosecution of this action;

   d.  Awards pre and post- judgment interest; and

   e.  Orders any and all other relief that this Court may deem proper.

          Respectfully submitted:

          GLASHEEN, VALLES & INDERMAN, LLP

          /S/ Martha Chicoski_____
          Chad Inderman, Esq.
          Martha Chicoski, Esq.
          300 Central Ave. SW, Suite 1300S
          Albuquerque, NM 87102
          (505) 243-7200/ (505) 242-2278 (fax)
          Email: cinderman@glasheenlaw.com
          Email:  martha.c@glasheenlaw.com
          **ATTORNEYS FOR PLAINTIFFS**