IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL FULLER,

      Plaintiff,

v.                                                      CV 14-883 WPL/GBW

FINLEY RESOURCES, INC., and
MARTIN GALINDO,

      Defendants.

## ORDER DENYING FINLEY RESOURCES'
## MOTION FOR SUMMARY JUDGMENT

Michael Fuller has sued Martin Galindo and his employer, Finley Resources, Inc., for injuries he sustained in an automobile accident that occurred on April 1, 2014. Galindo, an Operations Foreman for Finley Resources, was driving home to Hobbs, New Mexico, in a company owned pickup from his workplace in Orla, Texas when the accident occurred. Finley Resources has filed a motion for summary judgment, contending that Fuller's claims against it should be dismissed because Galindo was not acting within the course and scope of his employment when the accident occurred.[1] (Doc. 59.)

Under the doctrine of *respondeat superior*, an employer can be held vicariously liable for the negligent actions of an employee who is acting within the course and scope of employment. *Medina v. Graham's Cowboys, Inc.*, 827 P.2d 859, 863 (N.M.App. 1992). Whether an employee is acting within the course and scope of employment is generally a question of fact for the jury. *Narney v. Daniels*, 846 P.2d 347, 354 (N.M.App. 1992). However, when the facts are not in

---

[1] Although Finley Resources' motion requested summary judgment "on all of [Fuller's] claims for personal injury and punitive damages" (Doc. 59 at 1), Finley Resources later clarified that the motion addressed only the issue of whether Galindo was in the course and scope of employment when the accident occurred. (Doc. 73 at 1.)

dispute, and only one reasonable conclusion could be reached, the issue regarding scope of employment may be determined as a matter of law. *Id*. at 353.

Whether an employee is within the course and scope of his employment is determined with reference to the "time, place, and circumstances under which the injury occurred." *Ovecka v. Burlington Northern S.F. Railway*, 194 P.3d 728, 733 (N.M.App. 2008) (quoting *Ramirez v. Dawson Prod. Partners, Inc.*, 995 P.3d 1043 (N.M.App. 2000)). New Mexico's uniform jury instruction states that:

> An act of an employee is within the scope of employment if:
>
> 1. It was something fairly and naturally incidental to the employer's business assigned to the employee, and
>
> 2. It was done while the employee was engaged in the employer's business with the view of furthering the employer's interest and did not arise entirely from some external, independent and personal motive on the part of the employee.

UJI 13-407 NMRA. While applying these criteria may appear straightforward, New Mexico courts have made clear that there is no bright line test for determining scope of employment, and they have instead used a multifactored test when considering the issue. *Lessard v. Coronado Paint & Decorating Center, Inc.*, 168 P.3d 155, 160 (N.M.App. 2007); *Narney*, 846 P.2d at 354-55. In *Narney*, the court adopted a four-point test to consider whether an employee's actions were performed within the scope of his employment:

> An employee's action, although unauthorized, is considered to be in the scope of employment if the action (1) is the kind the employee is employed to perform; (2) occurs during a period reasonably connected to the authorized employment period; (3) occurs in an area reasonably close to the authorized area, and (4) is actuated, at least in part, by a purpose to serve the employer.

*Narney*, 846 P.2d at 355.

New Mexico courts have repeatedly observed that it is impossible to state the rule concerning scope of employment "briefly and comprehensively so as to make it applicable to all

cases, because of the ever-varying facts of each particular case." *Lessard*, 168 P.3d at 161 (quoting *Nabors v. Harwood Homes, Inc.*, 423 P.2d 602, 603 (N.M. 1967)); *Frederick v. Swift Transp. Co., Inc.*, 616 F.3d 1074, 1079 (10th Cir. 2010).

In its motion, Finley Resources states that New Mexico courts have adopted a specific rule regarding scope of employment in automobile accident cases. (Doc. 59 at 5.)  According to Finley Resources, the general rule is that an employer is not vicariously liable for an employee's use of a personal vehicle while driving to or from work. *Id*. Finley Resources next posits that proof that an employee was driving a vehicle owned by the employer at the time of the accident creates a presumption that the driver was acting within the scope of his employment. *Id*. Finley Resources then argues that this presumption may be rebutted by evidence that the employee was driving to or from work when the accident occurred. *Id*. In support of this argument, Finley Resources cites a 46 year old case from the Third Circuit Court of Appeals, a 39 year old case from Texas, and a recent case from Georgia. *See Pacheco v. United States*, 409 F.2d 1234 (3d Cir. 1969); *Salmon v. Hinojosa*, 538 S.W.2d 22 (Tex.Civ.App. 1976); *Dougherty Equipment Co., Inc. v. Roper*, 757 S.E.2d 885 (Ga.Ct.App. 2014). While the breadth of Finley Resources' research may seem impressive, it would have been preferable if Finley Resources had cited easily available and published New Mexico case law that points the way to resolution of this issue.

In its motion, Finley Resources pointedly ignores *Medina v. Fuller*, the only New Mexico case that considers an analogous situation. 971 P.2d 851 (N.M.App. 1998).[2] In *Medina*, a deputy sheriff was involved in an accident while driving her unmarked sheriff's department vehicle home from work. *Id*. at 852. The deputy left work at 5:00 p.m., stopped to see her husband at his

---

[2] *Medina* is cited in both *Lessard* and *Ovecka*, cases that Finley Resources relies upon in its motion. It is hard to imagine that Finley Resources, or more accurately, its counsel, were unaware of *Medina* when the motion was filed.

place of employment, and was driving home when the accident occurred. *Id*. The deputy was a supervisor and, as such, was on call 24 hours a day. *Id*. The New Mexico Court of Appeals first analyzed whether the deputy was acting within the scope of her duties under the New Mexico Tort Claims Act, and concluded that, at the time of the accident, the deputy was acting within the scope of her duties under the Act. *Id*. at 853-54.

While admitting that it was not precisely on point, the court next analyzed the common law doctrine of scope of employment because it reinforced the decision it reached under the Tort Claims Act. The court noted that most jurisdictions have held that when an employee has an accident driving an employer-owned vehicle to or from work, the mere fact that the employee is on call does not place the employee within the scope of his employment. *Id*. at 854. The majority rule "asks exactly what the employee was doing at the time of the injury-producing accident." *Id*. at 855. According to the Court of Appeals, "[h]owever, the matter is not so simple." *Id*. Because a business should be responsible for injuries that occur in the course of its characteristic activities, whether an employee is acting within the scope of employment "is determined by ascertaining whether the risk involved was typical or broadly incidental" to the employer's enterprise. *Id*. (quoting *Le Elder v. Rice*, 26 Cal.Rptr.2d 749, 751 (Ct.App. 1994)). If the main purpose of the injury-producing activity was the pursuit of the employee's personal ends, the employer is not liable. *Id*. The Court of Appeals recognized that:

> [T]here are a number of courts that have held that an on-call employee who is driving the employer's vehicle for the purposes of the employer's business, although on his or her way home from work, is still in the scope of employment.

*Id*. In reviewing cases that determined that the employee was in the scope of employment while driving to or from home, the court noted various factors that showed that the employer derived a tangible benefit from the employee's use of the employer's vehicle: the employer required the

4

on call employee to take the vehicle home to facilitate response to emergency calls and protect the tools in the vehicle; the employer restricted the employee's use of the vehicle and allowed only de minimis personal use; the employer owned and maintained the vehicle; and the employee was on call constantly and was sometimes required to proceed from home directly to a work site. *Id*. at 855-56. Applying these factors, the Court of Appeals affirmed the trial court's decision that the deputy was in the scope of her employment as she drove home. *Id*. at 856-58.[3]

In determining whether Finley Resources is entitled to summary judgment, I must view the evidence and make all reasonable inferences in favor of Fuller, *Stover v. Martinez*, 382 F.3d 1064, 1070 (10th Cir. 2004), something Finley Resources fails to do. Finley Resources, with corporate offices in Fort Worth, Texas, and a field office in Orla, Texas, acquires and produces oil and gas properties. Galindo worked out of the Orla field office and drove approximately 125 miles each way to his workplace. His duties as a drilling and completion foreman involved hiring contractors to drill the wells and, after the wells were drilled, Galindo completed the wells, from "fracks," "stimulation," all "the way up to putting it on production" at the different well sites. (Doc. 66-1 at 11.) Although Galindo worked primarily Monday through Friday, he worked on weekends if an operation required it.

Finley Resources owned and maintained the 2011 Chevrolet 2500 diesel pickup that Galindo was driving when the accident occurred, and Galindo had driven this vehicle since he started work for Finley Resources. Jim Nance, Operations Manager for Finley Resources, testified that Galindo drove his work vehicle as a requirement since he lived in Hobbs and

---

[3] It is puzzling that the parties spend much of their time discussing the three-part analysis concerning the imposition of vicarious liability on an employer for an employee's negligent actions in driving a personal vehicle to or from work. *See Ovecka*, 194 P.3d at 734; *Lessard*, 168 P.3d at 162. Galindo was not driving his personal vehicle when the accident occurred, so the three-part test does not apply to this case.

worked in Texas. Galindo was returning home from work when the accident occurred in the late afternoon of April 1, 2014.

Galindo was issued a company-owned cell phone so he could be available to communicate with others about his company responsibilities, and was on call 24 hours a day. While traveling to or from his home, Galindo would occasionally participate in conference calls with other Finley Resources' employees. These calls required Galindo to pull over to the side of the road, consult his notes, and participate in the telephonic meetings to provide necessary information to the other employees. Galindo participated in one of these conference calls less than one hour before the accident occurred.

The parties vigorously dispute whether Finley Resources admitted during discovery that Galindo was in the course and scope of his employment when the accident occurred. Fuller's Request for Admission No. 4 asked Finley Resources to admit that Galindo was acting in the course and scope of his employment when the accident occurred. In response, Finley Resources admitted that "Galindo was employed and working for Finley at the time of the accident in question." (Doc. 59-1 at 3.) Fuller argues that Finley Resources' admission that Galindo was employed and working for Finley at the time of the accident in question is conclusive on the issue of scope of employment. Federal Rule of Civil Procedure 36(b) states that a "matter admitted under this rule is conclusively established unless the court . . . permits the admission to be withdrawn or amended."[4] Finley Resources denies that this response is an admission that Galindo was in the scope of his employment when the accident occurred. Finley Resources had already admitted, in response to Request for Admission No. 3, that Galindo was employed by Finley Resources on April 1, 2014. Taking the common sense position that the words Finley

---

[4] Fuller cited to the state counterpart of Rule 36, Rule 1-036 NMRA, which of course does not apply in federal court. *Garcia v. Wal-Mart Stores, Inc.*, 209 F.3d 1170, 1176 (10th Cir. 2000) (Where a federal rule of civil procedure is directly on point, that rule applies instead of a state rule of civil procedure).

Resources used in its response to Request for Admission No. 4 must mean something, Finley Resources' response would at a minimum create a fact issue concerning scope of employment and could be conclusive, an issue I do not have to reach at this time.

A motion for summary judgment may be granted only when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Finley Resources' motion fails on both grounds: it has failed to demonstrate that there are no issues of fact concerning whether Galindo was in the scope of employment when the accident occurred, and has also failed to demonstrate that it is entitled to judgment as a matter of law. Accordingly, Finley Resources' motion for summary judgment must be denied.

IT IS SO ORDERED.

_William P. Lynch_
William P. Lynch
United States Magistrate Judge

A true copy of this order was served
on the date of entry--via mail or electronic
means--to counsel of record and any pro se
party as they are shown on the Court's docket.