IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL FULLER,

    Plaintiff,

v.                                              Civ. No. 14-883 WPL/GBW

FINLEY RESOURCES, INC.,
and MARTIN GALINDO,

    Defendants.

## ORDER GRANTING IN PART PLAINTIFF'S OPPOSED MOTION FOR LEAVE TO TAKE DEPOSITIONS BY WRITTEN QUESTIONS OF PLAINTIFF'S MEDICAL PROVIDERS

This matter comes before the Court on Plaintiff's Opposed Motion for Leave to Take Depositions by Written Questions of Plaintiff's Medical Providers (*doc. 100*). The matter is fully briefed (*see docs. 105, 106, 107, 108*) and, being fully informed, the motion will be granted in part.

Plaintiff wishes to take the deposition by written questions of Air Methods a/k/a Rocky Mountain Holdings, University Medical Center - Lubbock, Texas Tech University - Health Sciences Center (TTUHSC), Eunice Fire & Rescue, Lea Regional Medical Center, Pegasus Emergency Group LOE, LLC, and Del & Associates Nursing Services. *Doc. 100* at 1. Plaintiff seeks to obtain testimony from witnesses from those entities regarding the reasonableness and necessity of the respective entities' medical bills and the authenticity of the bills. *Id*. Plaintiff requires leave of the Court because

conducting the depositions would exceed the 10-deposition limit set by the Court after the Rule 16 conference.  *See doc. 18*; s*ee also doc. 106* at 2.

Defendants object to any additional depositions and suggest that Plaintiff simply call the witnesses at trial.  *See doc. 105* at 2-3, *doc. 106* at 4-5.  However, four of the witnesses on entirely beyond subpoena range, and three of the witnesses are beyond the range without covering their substantial expenses.  *Doc. 107* at 2.

While the parties frame the issue differently, Judge Lynch, the presiding judge in this case, has recently addressed a similar circumstance.  In *Pena v. Hawes and American Family Insurance*, Civ. No. 12-622 WPL/RHS, the plaintiff moved to take "trial depositions" of a treating physician and a records custodian only one month away from trial.  *See* Motion for Order for Trial Depositions, *Pena v. Hawes and American Family Insurance*, 12-cv-622 WPL/RHS (D.N.M. April 4, 2014), Doc. 101.  The purpose of the testimony was the same as here – to establish the admissibility of medical bills and that they were reasonable and necessary.  *Pena v. Hawes and American Family Insurance*, 12-cv-622 WPL/RHS (D.N.M., order dated April 18, 2014) (unpublished).  Both witnesses were beyond subpoena range and plaintiff argued that the cost of paying their expenses to come to trial was prohibitive.  *Id*.  Defendants opposed the depositions because the discovery period had long since closed and plaintiff had apparently decided not to depose those individuals during discovery.  *See* Response to Motion for Order for Trial Depositions, *Pena v. Hawes and American Family Insurance*, 12-cv-622 WPL/RHS (D.N.M. April 17, 2014), Doc. 122.  Judge Lynch ruled that the depositions were "perpetuation

depositions" as opposed to "discovery depositions" because the primary purpose was to preserve the testimony for trial.  *Pena*, 12-cv-622 WPL/RHS, at *2 (D.N.M., order dated April 18, 2014).  Therefore, he granted the motion and permitted the depositions.  To cure any prejudice to Defendants, he permitted them to "take a brief discovery deposition of these witnesses before the perpetuation depositions begin."  *Id*. at *3.

Based on his reasoning in *Pena*, the undersigned is convinced that Judge Lynch would permit "perpetuation depositions" of witnesses from the seven listed entities.  As such, conducting the depositions well before trial will benefit all parties.  Therefore, I will permit Plaintiff to conduct the depositions.

However, I am persuaded that, with respect to some of the entities, a deposition on written questions is inappropriate for the testimony sought.  *See doc. 105* at 2-4.  The Court notes that Plaintiff does not object to taking these depositions orally.  *See doc. 107* at 1.  Thus, a deposition by written questions will be permitted only if both Defendants agree.  If either Defendant objects, a deposition permitted under this order shall be taken orally.  Moreover, because they were served without prior Court approval, Plaintiff's deposition notices filed January 5, 2016 are stricken.  He shall file new amended notices consistent with this order no later than February 19, 2016.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE