IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MICHAEL FULLER,

    Plaintiff,

v.                                                                                   Civ. No. 14-883 WPL/GBW

FINLEY RESOURCES, INC.,
and MARTIN GALINDO,

    Defendants.

### ORDER GRANTING MOTION FOR LEAVE TO TAKE FACT WITNESS DEPOSITION AFTER EXPIRATION OF THE DISCOVERY DEADLINE

This matter comes before the Court on Defendants' Motion for Leave to Take Fact Witness Deposition After Expiration of the Discovery Deadline (*doc. 116*).  The matter is fully briefed (*see docs. 124, 132, 134*) and, being fully informed, the motion will be granted.

Defendants wish to take the deposition of Casey Summers who was Plaintiff's supervisor at the time of the accident and immediately thereafter.  Defendants must seek leave to do so because the deposition request comes after the expiration of the discovery period set by the Court.  *See doc. 68* (discovery period ends February 8, 2016).  Notwithstanding Plaintiff's recently granted request for depositions beyond the number permitted in the Court's discovery order (*see doc. 115*), he opposes Defendants' motion.

Scheduling orders "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P.  16(b)(4).  "'The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management

order's requirements.'"  *Rowen v. State of New Mexico*, 210 F.R.D. 250, 252 (D.N.M. 2002) (quoting *Bradford v. DANA Corp.*, 249 F.3d 807, 809 (8th Cir. 2001)); *see also Pfeiffer v. Eagle Mfg. Co.*, 137 F.R.D. 352, 355 (D. Kan. 1991).  District courts have "wide discretion" in applying Rule 16.  *Bylin v. Billings*, 568 F.3d 1224, 1231-32 (10th Cir. 2009).

Defendants' counsel avers that she was unable to locate Mr. Summers until shortly before the close of discovery.  *See doc. 116* at 1.  Moreover, Plaintiff disclosed to Defendants a recorded telephonic interview on the last day of the discovery period.  *See doc. 132* at 1-2.

The Court finds that Defendants have shown good cause to extend the discovery period to permit the deposition of Mr. Summers, and no prejudice would result from the extension.

WHEREFORE, Defendants' Motion for Leave to Take Fact Witness Deposition After Expiration of the Discovery Deadline (*doc. 116*) is GRANTED.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE