IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL FULLER,

      Plaintiff,

v.                                                                       CV 14-883 WPL/GBW

FINLEY RESOURCES, INC., and
MARTIN GALINDO,

      Defendants.


**ORDER ON MOTIONS FOR PARTIAL SUMMARY JUDGMENT**

Michael Fuller has sued Martin Galindo and his employer, Finley Resources, Inc., (collectively "Defendants") for injuries he sustained in an automobile accident that occurred on April 1, 2014. With the trial date approaching, the parties have filed a number of motions. Fuller has filed a motion for partial summary judgment on various affirmative defenses raised by the Defendants (Doc. 122), while the Defendants have filed an amended motion for partial summary judgment on Fuller's claim for punitive damages (Doc. 123). In considering these motions, I must view the evidence in the light most favorable to the party opposing the motion. *Weinbaum v. City of Las Cruces*, 541 F.3d 1017, 1029 (10th Cir. 2008).

Starting with Fuller's motion for partial summary judgment, the parties have resolved a number of issues through their briefing. Finley Resources has agreed to summary judgment on its defenses of independent intervening cause, laches, waiver and unclean hands; Galindo has agreed to summary judgment on his claim that Fuller's actions were the sole proximate cause of the accident; and the Defendants have agreed to summary judgment on their claims that a third-

party caused or contributed to causing the accident. Summary judgment for Fuller is appropriate on these claims.

Fuller moves for summary judgment on whether Galindo was acting within the course and scope of his employment at the time of the accident. I have previously denied Finley Resources' motion for summary judgment on this issue, so I will not repeat the entire analysis of New Mexico law and the facts of this case found in that Order. (Doc. 90.) New Mexico's uniform jury instruction states that:

> An act of an employee is within the scope of employment if:
>
> 1. It was something fairly and naturally incidental to the employer's business assigned to the employee, and
>
> 2. It was done while the employee was engaged in the employer's business with the view of furthering the employer's interest and did not arise entirely from some external, independent and personal motive on the part of the employee.

NM UJI 13-407. New Mexico appears to take a broader view than other states of corporate responsibility for injuries that occur in the course of the business's characteristic activities. In *Medina v. Fuller*, 971 P.2d 851, 854 (N.M. Ct. App. 1998), the court stated that respondeat superior liability "should be present when it can fairly be said that the injury arises from the employment or, stated otherwise, it is the employment that causes the tort." The court identified the policy factors behind its rule as follows:

> Because it is unjust to exonerate a business from responsibility for injuries occurring in the course of its characteristic activities, an employee's scope of employment is determined by ascertaining whether the risk involved was typical or broadly incidental to the enterprise undertaken by the employer. Where the employee's conduct has substantially deviated from his or her duties, it is unjust to hold the employer liable. Thus, it is necessary to determine the main purpose of injury-producing activity: If it was the pursuit of the employee's personal ends, the employer is not liable.

*Id*. at 855 (quoting *Le Elder v. Rice*, 26 Cal. Rptr. 2d 749, 751 (Ct. App. 1994)). To avoid respondeat superior liability, an employer must show that the employee's act arose entirely from the employee's motives. *Id*. at 856. The court in *Medina* found that even if the deputy sheriff had deviated from driving directly home from work, the fact that she was still on duty and responsive to calls while driving precluded a rational fact finder from determining that her acts were entirely personal. *Id*. When the facts concerning course and scope of employment are not in dispute and only one reasonable conclusion can be reached, the issue may be determined as a matter of law. *Id*.; *Ovecka v. Burlington Northern S.F. Railway*, 194 P.3d 728, 732 (N.M. Ct. App. 2008).

Fuller argues that the evidence establishes that Galindo was acting within the course and scope of his employment when the accident occurred, relying upon Finley Resources' responses to Request for Admission Nos. 3 and 4. In response to Request for Admission No. 3, Finley Resources admitted that Galindo was its employee on the day of the accident. When asked in Request No. 4 to admit or deny that Galindo was acting in the course and scope of his employment at the time of the accident, Finley Resources admitted that "Galindo was employed and working for Finley at the time of the accident in question."

Finley Resources contends that there are issues of fact that preclude summary judgment, yet it fails to identify what the issues of fact are. Instead, it asserts that it denied that Galindo was in the course and scope of employment in its answers to Fuller's complaint and amended complaint and in its statement of additional material facts. To establish a genuine issue of material fact, a party must "go beyond the pleadings and designate specific facts so as to make a showing sufficient to establish the existence of an element essential to that party's case." *Sealock v. Colorado*, 218 F.3d 1205, 1209 (10th Cir. 2000). Unsubstantiated allegations, or mere assertions or conjecture as to factual disputes, are not enough for a party to survive summary

3

judgment. *Self v. Crum*, 439 F.3d 1227, 1230 (10th Cir. 2006). Pursuant to Federal Rule of Civil Procedure 36(b), Finley Resources' responses to Request for Admission No. 3 and 4 conclusively establish that Galindo was working for Finley at the time of the accident. Summary judgment for Fuller on this issue is appropriate.

Fuller's motion on the issue of mitigation of damages may be dealt with more summarily. Under New Mexico law, an injured party must exercise ordinary care to minimize or lessen his damages. NM UJI 13-1811. Boiled down to its essence, Fuller claims that he cannot return to driving a truck because he has PTSD as a result of the accident, and the Defendants will present evidence through Dr. Radecki and Dr. Rose to challenge this diagnosis. It will be for the jury to determine whether Fuller has PTSD and whether he was able to return to truck driving after the accident. This motion is denied.

Fuller has also moved for summary judgment on the Defendants' defenses that his complaint fails to state a claim for relief. Fuller relies upon a bankruptcy case, *In re Borges*, 2011 WL 4101096 (Bankr. D.N.M. Sept. 6, 2011), to support his claim that the Defendants' affirmative defenses are held to the same pleading standard set out in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). As the Defendants point out, other cases from this District have declined to extend the heightened pleading standard established in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), to affirmative defenses. *Wells v. Hi Country Auto Grp.*, 982 F. Supp.2d 1261, 1264 (D.N.M. 2013); *Lane v. Page*, 272 F.R.D. 581, 591 (D.N.M. 2011). This motion is denied.

The Defendants have moved for summary judgment on Fuller's claims for punitive damages. Fuller opposes the motion, arguing primarily that Galindo was distracted while operating his vehicle, and that the primary source of that distraction was his use of his cell

4

phone. Galindo was not using a hands-free device, which violated Finley Resources' policy that permitted only the use of a hands-free device while driving. Jim Nance, Manager of Operations for Finley Resources, testified that the company's basic policy is that its employees should not drive while distracted with a cell phone call. Fuller asserts that Finley Resources is liable for punitive damages because Galindo was employed in a managerial capacity and/or Finley Resources authorized or ratified his conduct. Fuller also asserts that Finley Resources is separately liable for punitive damages because it did not detect that Galindo was using his cell phone routinely while driving and it chose not to enforce its company policy prohibiting such cell phone use.

In New Mexico, punitive damages may be awarded to punish a defendant and to serve as a deterrent and warning for others. *Campbell v. Bartlett*, 975 F.2d 1569, 1575 (10th Cir. 1992) (quotations omitted). To recover punitive damages, the defendant "must have some culpable mental state, and [his] conduct must rise to a willful, wanton, malicious, reckless, oppressive, or fraudulent level." *Clay v. Ferrellgas, Inc.*, 881 P.2d 11, 14 (N.M. 1994). The court in *Clay* stated that while conduct that falls below a level of recklessness will not support an award of punitive damages regardless of the risk of danger, "as the risk of danger increases, the duty of care also increases." *Id*.

Somewhat surprisingly, not only are there no New Mexico cases on point, there is not a wealth of analogous authority to consider. My task is to predict how the New Mexico Supreme Court would rule if faced with the same facts and issue. *Flores v. Monumental Life Ins. Co.,* 620 F.3d 1248, 1250 (10th Cir. 2010). New Mexico has allowed a jury to consider the imposition of punitive damages against automobile drivers in a number of situations. *See Sanchez v. Wiley*, 946 P.2d 650, 655 (N.M. Ct. App. 1997) (driving while under the influence (DWI)); *Campbell*, 975

F.2d at 1572 (DWI); *DeMatteo v. Simon*, 812 P.2d 361, 364 (N.M. Ct. App. 1991) (utter indifference to safety of others: lack of sleep and use of marijuana); *Svejcara v. Whitman*, 487 P.2d 167, 168 (N.M. Ct. App. 1971) (willful and wanton misconduct: driver pled guilty to DWI and reckless driving).

Fuller asserts that "[m]any cases across the country have awarded punitive damages when the use of a cell phone was at issue." (Doc. 129 at 14.) This is not true. None of the cases cited by Fuller affirm an award of punitive damages at all, much less solely for a driver's use of a cell phone. In most of the cases, the defendant's motion for summary judgment on the issue of punitive damages was denied because the driver was not only using a cell phone but was also driving recklessly or dangerously. *See Laney v. Schneider Nat. Carriers, Inc*., 2011 WL 1667434 at *1 (N.D. Okla. May 3, 2011 (driver was speeding on an icy road, had falsified his log books and was not within his hours of service, was fatigued, lost and using his cell phone); *Gaddis v. Hegler*, 2011 WL 2111801 at *4 (S.D. Miss. May 26, 2011) (driver had vision and other mental and physical problems, was speeding, failed to see two stop light ahead warning signs, and ran a light that had been red for more than 10 seconds prior to impact); *Pennington v. King*, 2009 WL 415718 at *6 (E.D. Pa. Feb. 19, 2009) (driving in a "wildly erratic manner"); and *Hoskins v. King*, 676 F.Supp.2d 441, 446, 451 (D.S.C. 2009) (driver was either speaking on the phone, adjusting the stereo, attending to her two dogs, or some combination of the three when she hit a cyclist visible for more than a mile). In *Howell v. Kusters*, 2010 WL 877510 at *2 (Del. Sup. Ct. Mar. 5, 2010) the court granted plaintiff's motion to amend to add a claim for punitive damages when the evidence showed that the defendant was driving twenty miles over the speed limit and ran a red light without braking while talking on her phone. Finally, in *Adkins v. Hontz*, 337 S.W.3d 711, 722 (Mo. Ct. App. 2011) the court affirmed summary judgment on the issue of

punitive damages, merely noting that there were no allegations that the driver was intoxicated, talking on a cell phone, texting, deliberately driving dangerously, or driving recklessly.

While Fuller's cases do not support the broad claim he makes, the cases cited by the Defendants are almost entirely distinguishable. In two of the cases the driver was using a hands-free device. *See Lindsey v. Clinch County Glass, Inc*., 718 S.E.2d 806, 807 (Ga. Ct. App. 2011); *Sipler v. Trans Am Trucking, Inc.,* 2010 WL 4929393 (D.N.J. Nov. 30, 2010). In three cases the standard of proof to recover punitive damages differs from the New Mexico standard: a plaintiff can recover punitive damages in Georgia and New Jersey only upon proof by clear and convincing evidence, while New Mexico requires proof by a preponderance of the evidence. *Compare Lindsey*, 718 S.E.2d at 807; *Sipler*, 2010 WL 4929393 at *8; and *Ellis v. Old Bridge Transport, LLC*, 2012 WL 6569274 at *1 (M.D. Ga. Dec. 17, 2012) *with Campbell*, 975 F.2d at 1577. In *Felipe v. Theme Tech Corp*., 334 P.3d 210, 217-28 (Ariz. Ct. App. 2014) the court affirmed the exclusion of a human factors expert who proposed to testify about the driver's cell phone use and the potential effects of such use because there was insufficient evidence that the driver was using his cell phone when the accident occurred. Only *Piester v. Hickey*, 2012 WL 935789 (E.D. Pa. Mar. 20, 2012) construes similar facts with a similar burden of proof and grants summary judgment to the defendants when the plaintiff claimed that the driver looked at or used his cell phone while driving and rear ended the plaintiff's vehicle.

The New Mexico Driver's Manual cautions drivers to be careful using a cell phone while driving because it can be a dangerous distraction, and reminds drivers that some towns require use of a hands-free device. But the use of a cell phone while driving does not violate New Mexico law. I believe that the New Mexico Supreme Court would not permit an award of punitive damages under the facts of this case. Galindo, while using his cell phone, failed to yield

to Fuller and started to make a left turn early at the intersection. There is no evidence that Galindo was speeding or driving erratically or recklessly at the time of the accident. His use of a cell phone under these circumstances does not reflect a culpable mental state and does not rise to a willful, wanton, malicious or reckless level. Further, Finley Resources is entitled to summary judgment on Fuller's claim that Finley failed to monitor Galindo's cell phone use while driving and enforce its policies prohibiting such use. *Ellis*, 2012 WL 6569274 at *2.

Fuller's motion for partial summary judgment is granted in part and denied in part as set out above. The Defendants' motion for partial summary judgment on the issue of punitive damages is granted.

IT IS SO ORDERED.

                                                                                      _____
William P. Lynch
United States Magistrate Judge